IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE F. ANDINO,<br><br>    Plaintiff,<br><br>    v.<br><br>KAISER FOUNDATION HOSPITALS,<br><br>    Defendant.<br>_____/ | No. C 11-04152 CW<br><br>ORDER GRANTING<br>MOTION FOR REMAND |

INTRODUCTION

Plaintiff Jose F. Andino brings eight causes of action against Defendant Kaiser Foundation Hospitals based on allegations that Defendant failed to pay overtime wages, provide second meal periods for shifts greater than twelve hours or pay additional wages in lieu of those meal periods, provide itemized wage statements, and timely pay wages upon termination.  Plaintiff further alleges that Defendant engaged in unfair competition by failing to pay those wages.  Defendant removed the case to federal court and Plaintiff moves for remand.  Defendant opposes the motion, and Plaintiff has filed a reply to the opposition.  For the reasons stated below, Plaintiff's motion for remand to state court is GRANTED.

BACKGROUND

Plaintiff was employed by Defendant, pursuant to a collective bargaining agreement (CBA), as a patient transporter aide from May 2008 through March 2011.

Plaintiff alleges he was underpaid for shifts when he worked more than eight hours, both when his shifts started and ended on the same calendar day and when the shifts started on one calendar day and extended into the next. He brought eight causes of action in Alameda County Superior Court: (1) underpayment of wages based on alleged improper rounding methodologies that used fractions of hours; (2) failure to pay all overtime wages; (3) failure to pay overtime wages when an eight hour shift begins on one calendar day continues into the next; (4) failure to provide meal periods or pay in lieu thereof; (5) failure to provide accurate wage statements; (6) failure to pay wages owed at termination; (7) violation of California Business and Professions Code sections 17200 et. seq. Plaintiff's eighth listed cause of action claims statutory damages for the preceding seven claims.

The CBA is between Defendant, its affiliated groups, and SEIU United Healthcare Workers West. It provides that Defendant's Northern California employees shall be paid at the rate of time and one-half "for all hours of work performed in excess of eight (8) hours in any one work day and/or for all hours worked in excess of forty (40) within the work week." Ex. A, Art. XII, § 1(C). The preceding subsection of the CBA defines the term "payroll week" as the "seven (7) day period beginning at 12:01 a.m., Sunday, or at the shift changing hour nearest that time," and it defines the term "payroll day" as "a twenty-four (24) hour period, beginning at the same time each Payroll Day as the Payroll Week begins." Ex. A, Art. XII, § 2(B).

Defendant opposes the motion to remand based on the argument that federal law preempts Plaintiff's third, fifth, sixth, and seventh causes of action.

## DISCUSSION

### I. Legal Standard

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. section 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

"In general, district courts have federal-question jurisdiction only if a federal question appears on the face of a plaintiff's complaint." Brennan v. Southwest Airlines Co., 134 F.3d 1405, 1409 (9th Cir. 1998) (citing Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Because the plaintiff is the master of the complaint, a court does not exercise original jurisdiction over a matter solely because a federal defense may be anticipated. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983). A plaintiff chooses what claims he or she wishes to bring and may forgo federal claims. There is,

3

however, an exception to the general rule: the artful pleading doctrine.  Artful pleading exists where a plaintiff states an inherently federal claim in state-law terms.  Brennan, 134 F.3d at 1409.

## DISCUSSION

### I. Remand

Defendant moves to dismiss on the basis of federal pre-emption.  Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between such labor organizations."  29 U.S.C. § 185(a).

The Supreme Court has stated that section 301 of the LMRA preempts equivalent remedies under state law and that "the preemptive force of section 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'  Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of [section] 301."  Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23 (1983); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

A state law claim is completely preempted by section 301 of the LMRA if resolution of the claim requires the interpretation of a collective bargaining agreement.  Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988).  "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and claims 'substantially dependent on analysis of a

4

collective-bargaining agreement.'" Caterpillar, 482 U.S. at 394 (citation omitted); Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220 (1985) (tort claim preempted because extent of employer's duty of good faith depends on terms of collective bargaining agreement).

Preemption under section 301 will not apply, however, in all instances in which a collective bargaining agreement is present. Section 301 preemption does not apply where a state-law remedy is independent of a collective bargaining agreement in the sense that resolution of the state-law claim does not require construing the collective bargaining agreement. Lingle, 486 U.S. at 407. Section 301 does not preempt state-law causes of action simply because they require analysis of the same facts that would be at issue in a section 301 claim, Lingle, 486 U.S. at 408-09, or because the court must refer to the collective bargaining agreement, as opposed to interpreting its terms, in order to decide the claim. Livadas v. Bradshaw, 512 U.S. 107, 123-24 (1994). Only state-law causes of action "that do not exist independently of private agreements, and that as a result can be waived or altered by agreement of private parties, are preempted by those agreements." Lueck, 471 U.S. at 213.

A. Overtime Claims

Defendant asserts that the third cause of action for non-payment of overtime requires interpretation of the CBA. Defendant casts the issue as whether a workday is a calendar day or the twenty-four hour period containing an entire eight-hour work shift. The effect of Defendant's interpretation is that an eight-

5

1 hour shift could span two workdays and not trigger overtime pay
2 for hours worked in excess of eight hours in a single shift.
3     Another judge in this district considered a similar issue in
4 2007, and found that the plaintiff properly alleged a claim for
5 failure to pay overtime, where an employer set the beginning of
6 the workday at the middle of a shift.  The court ruled that an
7 employer cannot circumvent the overtime pay provisions of the
8 California Labor Code by starting the workday in the middle of a
9 shift that would otherwise require overtime pay.  In re Wal-Mart
10 Stores, Inc. Wage and Hour Litigation, 505 F. Supp. 2d 609, 617
11 (N.D. Cal. 2007).  The court stated that "California's overtime
12 laws are remedial" and should "be construed so as to promote
13 employee protection."  The court read Labor Code section 510(a),
14 "Eight hours of labor constitutes a day's work," as indicating the
15 legislature's intent that "a shift of more than eight hours of
16 consecutive work qualifies for overtime pay."  Id.  The right to
17 overtime does not depend on an interpretation of the term
18 "workday" as provided by the CBA.
19     California Labor Code section 514 is an exemption providing
20 that sections 510 and 511, which establish the overtime
21 requirements, "do not apply to an employee covered by a valid
22 collective bargaining agreement if the agreement expressly
23 provides for the wages, hours of work, and working conditions of
24 the employees, and if the agreement provides premium wage rates
25 for all overtime hours worked and a regular hourly rate of pay for
26 those employees of not less than [thirty] percent more than the
27 state minimum wage."  Section 514 provides that the CBA exemption
28 is only available when overtime is paid for "all overtime hours

6

worked."  As the court in <u>Gregory v. SCIE</u> explained, whether overtime is paid for "all overtime hours worked" is based on a state right and requires an interpretation of state law, even where the CBA provided for a premium wage rate.  317 F.3d 1050, 1053 (9th Cir. 2003).  While the CBA here establishes a premium rate over the state minimum, the right to overtime pay is a state right, regardless of rate.

    B. Accurate Wage Statements and Wages Owed at Termination

    Plaintiff's fifth and sixth claims are for violations of California Labor Code sections 203, 226(a) and 1174, and IWC Wage Order section 5-2002(7).  Defendant argues that because a section 226 claim requires "knowing and intentional" failure to provide accurate wage statements and a section 203 claim requires a finding that a defendant willfully failed to conform to the statute, a fact finder would have to interpret the CBA to determine whether Defendant reasonably believed that it owed no additional pay.  This might require reference to the CBA, but it does not require interpretation of the contract terms.  "Although the line between reference to and interpretation of an agreement may be somewhat hazy, merely referring to an agreement does not threaten the goal that prompted preemption--the desire for uniform interpretation of labor contract terms."  <u>Ramirez v. Fox Television Station, Inc.</u>, 998 F.2d 743, 749 (9th Cir. 1993).

    C. Unfair Competition

    Plaintiff alleges that Defendant engaged in unfair competition in violation of California Business and Professions Code sections 17200 <u>et. seq.</u> by underpaying wages, allowing it to gain an unfair advantage over other comparable companies doing

7

business in the state. Defendant argues in response that the claim would require an interpretation of the CBA and even its bargaining history, to determine whether it is fair "to schedule a workday in a manner that causes some employees to work in two different 'workdays' when they work a single shift" and whether parties to the CBA gave fair value for those provisions. Opp. at 10. But the claim is about fairness to competitors, not fairness to employees or the fairness of the bargaining process. An allegation of unfair competition under California Business and Professions Code section 17200 et. seq. involves examining the allegedly unfair practice's "impact on the alleged victim, balanced against the reasons, justifications, and motives of the alleged wrongdoer," Motors, Inc. v. Times Mirror Co., 102 Cal.App.3d 735, 740 (1980), not the value of any purported concessions in reaching the terms of the CBA.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is GRANTED. The Clerk shall remand the case to the Alameda County Superior Court.

IT IS SO ORDERED.

Dated: 11/23/2011

CLAUDIA WILKEN
United States District Judge